EDWIN C. PICKLER and Another v. CHARLES W. CALDWELL.[1]

May 2, 1902.

Nos. 12,960—(39).

**Harmless Error.**
   Errors occurring at a trial in the reception of a book of entries showing occasions when medical treatments were furnished, *held*, in view of other evidence, to be harmless.

**Offer of Evidence.**
   An offer of evidence at the trial to show that a party who had volunteered to call upon a physician for an invalid, and did afterwards call, when the physicians offered, through him, to effect a cure or make no charge, with a communication to the invalid of what had occurred at the physicians' office, was improperly excluded, under issues that presented the question whether the physicians' treatment thereafter had benefited the invalid.

Appeal by defendant from an order of the municipal court of Minneapolis, Dickinson, J., denying a motion for a new trial. Reversed.

*Brady & Robertson,* for appellant.
*Wadsworth & Wadsworth,* for respondents.

LOVELY, J.
This action is brought by plaintiffs, as partners, who claim to be duly qualified and regular practicing osteopaths, and to have

[1] Reported in 90 N. W. 307.

rendered professional services as such for defendant at his request for the agreed sum of $75. Defendant alleges in the answer that he was suffering from rheumatism; that he submitted himself to osteopathic treatment by plaintiffs, who, to induce him to do so, represented that they were schooled osteopaths, and learned in anatomy, and that if they did not cure his ailment there would be no charges made for their services. Defendant further pleads a counterclaim, setting forth essential facts to charge the plaintiffs with malpractice in their treatment, for which he asks an affirmative judgment for a greater sum than plaintiffs demand. The reply puts in issue the defensive matters of the answer. The action was tried to the municipal court of Minneapolis, and a jury. Plaintiffs had a verdict, and this appeal is from an order denying a motion for a new trial.

Three grounds are urged for the reversal of the order of the trial court: First. Plaintiffs' bookkeeper testified that she made certain entries of defendant's visits in a book kept by her for that purpose, which indicated the number of such visits at plaintiffs' office during their services, after which the book was offered and received in evidence. While these were original entries, made at the time when defendant attended upon plaintiffs for treatment, it does not appear that the entries therein were correct, or just and true, as the person making the same believed. This is an essential requisite of the statute (G. S. 1894, § 5738) to entitle such books to be used as evidence, and was not complied with. But a member of plaintiffs' firm, who gave the treatments to defendant, testified positively that the latter had received thirty-eight in number, and defendant does not dispute this statement, but says that he received between thirty and forty treatments. Upon this state of the evidence the introduction of the books was harmless error, and would not justify a reversal.

Second. In support of the allegations in the answer that plaintiffs had agreed to treat the defendant and make no charge if they failed to effect a cure, defendant offered at the trial to show that while he was sick his brother advised him to consult and employ plaintiffs, and told the defendant that he was going to call upon them. Defendant did not direct him to do so; neither did he

object. The brother thereafter called upon plaintiffs. This fact, it was claimed, the brother communicated to the defendant, who, in pursuance thereof, called upon plaintiffs, and the treatments · referred to followed, which, evidence for defendant tended to show, had been of no benefit. Defendant was not allowed to show either the conversation with the brother or the statements of plaintiffs communicated by him to the defendant upon which he claims to have acted. We think the proposed offer tended to establish a relationship of principal and agent between the brother and defendant, and that the statement made to him by the plaintiffs, so communicated and acted upon, would have had a proper legal tendency to support the defense. The exclusion of this offer was clearly error, and was nowhere remedied by any evidence received in the case.

Third. The trial court dismissed the counterclaim, and held, as a matter of law, that it had not been established. Whether the issues in such counterclaim should have been submitted to the jury is, in our view, a matter of doubt, involving the question whether the plaintiffs were required to obtain a license to practice osteopathy under the laws of this state; also, whether the evidence is sufficient to show that in the practice of their art plaintiffs had pursued the usual course required therein. Upon these questions the record is not sufficiently full to enable us to pass upon them satisfactorily, and we do not consider it advisable on the meager return before us to consider them now.

Order reversed, and a new trial granted.